```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**ABREY M. THOMAS, #287868**

            **Petitioner,**

v.                                                          2:09CV61

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

            **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On June 28, 2000, in the Circuit Court for the City of Virginia Beach, Virginia, petitioner was convicted of two counts of attempted burglary and was sentenced to twenty years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on October 13, 2000, the appeal was dismissed by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, which granted petitioner leave to file a delayed appeal on November 21, 2002. Petitioner filed the delayed appeal in the Virginia Court of Appeals, but on August 7, 2003, the appeal was denied. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on January 21, 2004.

On April 14, 2008, petitioner filed a motion to vacate a void judgment in the Virginia Beach Circuit Court, but on April 24, 2008, the

motion was dismissed. Petitioner appealed to the Supreme Court of Virginia, but on October 10, 2008, the appeal was dismissed.

On February 4, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on March 10, 2009, respondent filed a motion to dismiss and Rule 5 answer. The matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1. The trial court permitted two jurors to question the Commonwealth's witnesses during direct examination;

2. The evidence was insufficient to support petitioner's convictions;

3. The trial court failed to take necessary measures to safeguard against juror bias and avoid prejudice to the defense after allowing jurors to question witnesses;

4. A juror was permitted to sit on the jury after admitting he had been a victim of the same crime; and

5. The trial court erred in responding to the jury's question concerning parole during the sentence phase of petitioner's trial.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d

543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-

33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir.

4

1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### C. The Petition is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. § 2244(d)(1).  The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation.  See id. § 2244(d)(2).

In this case, the Supreme Court of Virginia refused petitioner's direct appeal on January 21, 2004. Since no petition for writ of certiorari was filed in the United States Supreme Court, petitioner's conviction became final on April 20, 2004,[1] and the statute of limitations set forth in the AEDPA commenced.  Petitioner then had until April 20, 2005, to file a federal habeas corpus petition.  See id. at § 2244(d)(1). Any pending state post-conviction or other collateral review would toll the statute of limitations.  See id. at § 2244(d)(2).

Petitioner did not file any collateral proceeding, state or federal, until April 14, 2008, when he filed a motion to vacate in the Virginia Beach Circuit Court.  At that point, over four years had elapsed since the Supreme Court of Virginia refused petitioner's appeal and almost three years had elapsed since the federal statute of limitations had expired on April 20, 2005.  Even if petitioner's motion to vacate had been a proper habeas petition, since it was filed beyond the federal statute of limitations, it cannot toll the federal time.  Petitioner's present petition, filed on February 4, 2009, is well beyond the statute of limitations and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to

---

[1] A state prisoner's conviction becomes final ninety days after the highest state court hands down its opinion, which begins the period for filing a petition for writ of certiorari in the United States Supreme Court or on the date that certiorari is denied by the Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

6

demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                                                                         /s/

                                                          **James E. Bradberry**
                                                          **United States Magistrate Judge**

**Norfolk, Virginia**

**June 3, 2009**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

    Aubrey M. Thomas, #287868, pro se
    Deerfield Correctional Center
    21360 Deerfield Dr.
    Capron, VA  23829

    Kathleen B. Martin, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

                                          Fernando Galindo, Clerk

                                          By _____
                                                      Deputy Clerk

                                    _____, 2009